```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11-9-16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
JULIA RAMSAY-NOBLES, individually and
as Administratix of the Estate of Karl Taylor,
Deceased,

                      Plaintiff,

         -against-

WILLIAM KEYSER, Superintendent of the
Sullivan Correctional Facility, et al.,

                    Defendants.
-------------------------------------------------------

Stipulation of Confidentially
and Protective Order

16 Civ. 5778 (CM)

    WHEREAS discovery herein may include the production of information and/or documents that (a) contain highly sensitive information, policies, procedures or other matters that, if disclosed, could jeopardize individual, correctional or institutional safety, security or good order, (b) contain information that is confidential under state or federal law, or (c) contain information of a personal nature,

    IT IS HEREBY STIPULATED AND AGREED that:

    1.    The term "document" as used herein is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Rule 26.3(c)(2) of the Local Civil Rules of this Court.

### "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" DOCUMENTATION

    2.    The parties may designate as **"Highly Confidential – Attorneys' Eyes Only"** (i) documents produced from the records of DOCCS and the information contained therein, the disclosure of which would jeopardize correctional or institutional safety, security or good order, (ii) documents which contain information that is confidential under state or federal law, (iii) documents containing sensitive personal information pertaining to the Defendants, current or

former employees of DOCCS, and current or former inmates at Sullivan Correctional Facility ("Sullivan") and (iv) the names of current or former inmates identified as witnesses. Such documents and information shall be referred to hereafter as "Highly Confidential – Attorneys' Eyes Only Material," and may include, but are not limited to the following:

    a. Reports and other records prepared by the DOCCS Office of Special Investigations, or its predecessor entity the DOCCS Office of the Inspector General, in connection with an investigation conducted by that entity;

    b. All personnel, health care (including but not limited to drug or substance abuse records), mental health care, and labor relations records that contain personally identifiable information concerning any current or former employee of DOCCS or any current or former inmate in the custody of DOCCS, provided that, for mental health records, the review and determination required by New York Mental Health Law § 33.16 has been completed before any records approved for release are produced;

    c. Any individual's personnel records or other documents pertaining to the individual's employment, including, but not limited to, records of disciplinary proceedings and performance evaluations;

    d. All maps, blueprints, photographs, drawings, schematics, and any other written depiction or description of any DOCCS correctional facilities;

    e. All directives or written policies issued by DOCCS or any correctional facility operated by DOCCS that are classified as "D" in DOCCS Directive 0001, indicating that they contain information affecting the safety and security of

   correctional facilities and are handled as Highly Confidential -- Attorneys' Eyes Only Material and restricted from unauthorized access;

 f. All DOCCS training materials for corrections officers, sergeants, lieutenants, captains, or deputy superintendents, or any other DOCCS employee, that refer to or concern correctional or institutional safety, security, or good order;

 g. Any other records that would compromise the safety, security, or good order of a DOCCS facility if disclosed to a current or former inmate in the custody of DOCCS and/or the general public.

3. Access to the Highly Confidential -- Attorneys' Eyes Only Material shall be limited to:

 a. Counsel for the parties to this action and counsels' employees and independent contractors who have direct functional responsibility for the preparation or trial of this action, or any appeal thereof;

 b. The parties' respective experts and consultants, to the extent deemed necessary to the conduct of this litigation by the respective attorneys for Plaintiff or Defendants, except that, prior to any such person being given access to the Highly Confidential -- Attorneys' Eyes Only Material, that person shall be given a copy of this Stipulation and Protective Order and shall execute the Certification annexed hereto;

 c. Individual employees of DOCCS to the extent that such individual employees would have access to the Highly Confidential -- Attorneys' Eyes Only Material as part of their employment with DOCCS;

    d. The Court, its employees, and its officers, provided that any such documents are filed with the Court under seal;

    e. Defendants, except that, (i) prior to any such person being given access to the Highly Confidential – Attorneys' Eyes Only Material, that person shall be given a copy of this Stipulation and Protective Order and shall execute the Certification annexed hereto; and (ii) the names of witnesses designated by Plaintiff as "Highly Confidential – Attorneys' Eyes Only Material" will be disclosed to Defendants only with Plaintiff's counsels' written consent.

    f. Stenographers and videographers hired for purposes of transcribing depositions; and

    g. Any other person(s) agreed to in writing by counsel for the parties, except that, prior to any such person being given access to the Highly Confidential – Attorneys' Eyes Only Material, that person shall be given a copy of this Stipulation and Protective Order and shall execute the Certification annexed hereto.

4.     An inadvertent failure to designate Highly Confidential – Attorneys' Eyes Only Material may be corrected by promptly providing supplemental written notice to the receiving party, who thereafter shall treat such documents as if it they had been properly designated originally. In the event that such information will have been disclosed to individuals not entitled to access Highly Confidential – Attorneys' Eyes Only Material pursuant to Paragraph 9, the party failing to make the initial designation may request the receiving party retrieve the documents from such recipients.

5. If, pursuant to Paragraph 2, a party designates any document as Highly Confidential – Attorneys' Eyes Only Material after it has already been produced, the producing party shall produce to the other parties substitute copies of such documents which shall be clearly marked as "Highly Confidential – Attorneys' Eyes Only." The parties to whom the substitute copies of such documents are produced shall substitute the later produced documents for the previously produced documents, and destroy or return, and certify the destruction or return, to the producing party all copies, both hardcopy and electronic, of the previously produced documents.

6. Highly Confidential – Attorneys' Eyes Only Material shall be treated as highly confidential – attorneys' eyes only and not disclosed, except to the extent provided in this Stipulation and Protective Order or as otherwise ordered by the Court.

7. Except as consented to by counsel for the party that designated a document as Highly Confidential – Attorneys' Eyes Only Material, or ordered by a Court of competent jurisdiction, and notwithstanding any other term or provision contained in this Stipulation and Protective Order, Highly Confidential – Attorneys' Eyes Only Material shall not be released or disclosed in any matter to any person who is or was an inmate in the custody of DOCCS.

8. If counsel for a party finds that the inability to discuss a document designated Highly Confidential – Attorney's Eyes Only with his or her client, a witness, or a deponent will impede his or her ability to effectively conduct discovery or prosecute or defend this action, counsel may request that counsel for the opposing party provide authorization for such documents or information to be discussed with his or her client, a witness, or a deponent. Counsel for the opposing party will not unreasonably refuse such a request. If the

requesting party believes that such authorization is unreasonably withheld, counsel may move the Court to remove the designation or provide such authorization.

## STIPULATIONS APPLICABLE TO ALL DOCUMENTATION PRODUCED

9. The inclusion of any category of documents identified as examples of "highly confidential" does not waive the parties' right to object to its production or admissibility at trial.

10. All transcripts of depositions taken in this Action will be treated as "Highly Confidential – Attorneys' Eyes Only Material" in their entirety for thirty (30) days after the parties are notified that a full and final copy of the deposition transcript is available. During that thirty (30) day period, either party may designate as Highly Confidential – Attorneys' Eyes Only Material any portion of the transcript, by page and line, and any deposition exhibits related to the subject areas described in Paragraph 2 herein, and such designation must be provided to Plaintiff's counsel and Defendants' counsel in writing to be deemed effective. Any portion of the deposition transcript or exhibits not so designated during the thirty (30) day period will not thereafter be treated as Highly Confidential – Attorneys' Eyes Only Material.

11. Highly Confidential – Attorneys' Eyes Only Material may be disclosed pursuant to order of a court, administrative agency or tribunal with actual or apparent authority over the parties or their counsel, provided, however, that, in the event that the parties or their counsel intend to produce documents containing Highly Confidential – Attorneys' Eyes Only Material, or that contain Highly Confidential – Attorneys' Eyes Only Material obtained from such documents in response to such order, the producing party or counsel shall serve notice of such order upon the other parties and counsel in this action within a reasonable amount of time prior to the production thereof, to provide an opportunity to seek a protective order against such production. The receiving party agrees to cooperate with the producing party in resisting the

demand or request and the producing party shall be responsible for pursuing any objection to the requested production.

12. No person receiving Highly Confidential – Attorneys' Eyes Only Material pursuant to this Stipulation and Protective Order shall disclose or discuss such Highly Confidential – Attorneys' Eyes Only Material in any manner, written or oral, to or with any person who is not entitled to receive such Highly Confidential – Attorneys' Eyes Only Material pursuant to this Stipulation and Protective Order.

13. If a party objects to the designation of any document as Highly Confidential – Attorneys' Eyes Only Material, such party shall state such objection in writing to the counsel for the party that designated the Highly Confidential – Attorneys' Eyes Only Material. Counsel shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, the objecting party may move the Court to remove the designation. Any disputed documents shall be treated as originally designated until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

14. In the event that a party intends to file with the Court any papers that attach or enclose documents containing Highly Confidential – Attorneys' Eyes Only Material produced pursuant to this Stipulation and Protective Order or that contain Highly Confidential – Attorneys' Eyes Only Material obtained from such documents, including deposition transcripts, that party shall file those materials under seal based upon the producing parties' designation. Any party filing a motion or other papers with the Court under seal shall also publicly file a redacted copy of the same that redacts only the Highly Confidential – Attorneys' Eyes Only Material, or reference thereto, and does not redact text that in no material way reveals the Highly Confidential – Attorneys' Eyes Only Material.

15. Nothing herein shall be deemed to waive any applicable privilege. Pursuant to Fed. R. Evid. 502(d), no privilege or protection is waived by disclosure connected with this lawsuit, nor is any such disclosure a waiver in any other federal or state proceeding, and any disclosed material is subject to return to the producing party ("clawback") on demand.

16. Highly Confidential – Attorneys' Eyes Only Material produced pursuant to the terms of this Stipulation and Protective Order shall be used by the receiving party solely for the purposes of this action and solely to the extent necessary for the litigation of this action, including any appeals thereof.

17. Within one-hundred-and-twenty (120) days of the conclusion of this Action, including any appeals, receiving parties shall either return to producing parties all Highly Confidential – Attorneys' Eyes Only Material, and any copies thereof, in their custody, possession or control and any documents containing Highly Confidential – Attorneys' Eyes Only Information, in whole or in part, and any copies made therefrom or shall notify the producing parties in writing that all such Highly Confidential – Attorneys' Eyes Only Material has been destroyed, with the exception of (i) copies of each pleading and litigation document filed with the Court, (ii) each written discovery request and written response thereto (but not Highly Confidential – Attorneys' Eyes Only Material produced in response to a request for production of documents), and (iii) any back-ups of Highly Confidential – Attorneys' Eyes Only Material as are routinely made and kept by counsel in the normal course of business. Any such back-ups will be destroyed as soon as is practicable.

18. Within thirty (30) days of the conclusion of this Action and to the extent permitted by the Court, counsel shall retrieve from the Court's file any Highly Confidential – Attorneys' Eyes Only Material filed in Court and shall either return such Highly Confidential –

Attorneys' Eyes Only Material to the other party's counsel within (30) days of retrieval or shall notify other party's counsel in writing that all such Highly Confidential – Attorneys' Eyes Only Information has been destroyed.

19. Nothing in this Order shall foreclose the parties from separately negotiating and agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation and Protective Order and identified in Paragraph 2 herein.

Dated: November 4, 2016
       New York, New York

                                    Respectfully submitted,

                                    PATTERSON, BELKNAP WEBB & TYLER LLP

                                    By: _____
                                    Eugene M. Gelernter
                                    Adeel A. Mangi
                                    Daniel M. Eisenberg
                                    1133 Avenue of the Americas
                                    New York, New York 10036
                                    212-336-2000
                                    *Attorneys for Plaintiff Julia Ramsay-Nobles,*
                                    *Individually and as Administratrix of the Estate*
                                    *of Karl Taylor*

Dated: November 4, 2016
       New York, New York

                                      ERIC T. SCHNEIDERMAN
                                      Attorney General of the
                                      State of New York

                            By: _____
                                      REBECCA ANN DURDEN
                                      KRISTEN VOGEL
                                      Assistant Attorneys General
                                      120 Broadway – 24th Floor
                                      New York, New York 10271
                                      Tel: (212) 416-8653
                                      Fax: (212) 416-6009
                                      *Attorney for Defendants*

SO ORDERED:

Dated:

_____
Colleen McMahon,
Chief, U.S.D.J.

11/7/2016

## EXHIBIT A

### Certification

I certify my understanding that Highly Confidential – Attorneys' Eyes Only Material is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order in *Ramsay-Nobles v. Keyser*, No. 16 Civ. 5778, currently pending in the United States District Court for the Southern District of New York. I further certify that I have read the Stipulation and Protective Order and agree to be bound by it.

I understand that all provisions of the Stipulation and Protective Order restricting the communication or use of Highly Confidential – Attorneys' Eyes Only Material, including but not limited to any notes or other transcriptions made of Highly Confidential – Attorneys' Eyes Only Material therefrom, shall continue to be binding during the pendency of and after the conclusion of this action.

_____        _____
Date                                              Signature

                                              _____
                                              Print Name

                                              _____
                                              Address

                                              _____
                                              Telephone Number

THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE
PARTIES'STIPULATION AND CONFIDENTIALITY ORDER

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten day period, identify to the court any portion of the decision that one or more of them believe should be redacted, provide the court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly-available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.