

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMANDIVISION OF STATE COUNSEL
ATTORNEY GENERALLITIGATION BUREAU

(212) 416-8653

April 3, 2018

VIA ECF
Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street
New York, New York  10007

      Re: Ramsay-Nobles v. Keyser / 16 Civ. 5778(CM)(BCM)

Dear Judge McMahon:

     I represent Superintendent Keyser, Deputy Superintendent Burnett, Correction Officer Topel, Correction Officer Witte, Correction Officer Tucker and Sergeant Frunzi in the above referenced action.  I write to respectfully request a stay of this action, including the time to respond to the Second Amended Complaint and complete any outstanding discovery until May 31, 2018 – the date by which the Court has ordered that all defendants not represented by the Attorney General must appear in this action.  This action alleges an excessive use of deadly force by the Correction Officers and a conspiracy to cover-up the excessive use of force by the Officers and Supervisory personnel.  Plaintiff's Second Amended Complaint adds six additional Correction Officers and a Correction Sergeant.  The outstanding discovery are Request for Admissions, a Subpoena to the Department of Corrections and Community Supervision ("DOCCS") that requests documents pertaining only to the newly named defendants[1], and Interrogatory Requests.  In addition, by letter dated April 2, 2018 to the Honorable Barbara C. Moses, plaintiff has requested a pre-motion discovery conference.

     This Office has now received requests for representation from the newly served defendants. Pursuant to New York State Public Officers Law § 17, prior to undertaking their representation, this Office must first conduct an investigation to determine whether representation by this Office is appropriate.  Moreover, in light of the allegations relating to the newly served defendants, this

---

[1] Although labeled a subpoena, at the beginning of the litigation, this Office agreed to treat any subpoena to DOCCS as a document request as that is this Office's standard practice in 42 U.S.C. § 1983 actions.  With respect to the "subpoena" plaintiff's counsel previously consented to an extension to May 10, 2018.

Honorable Colleen McMahon
April 3, 2018
Page 2 of 2

Office needs to analyze any real and/or potential conflicts between the defendants and whether continued representation of the original defendants is appropriate. This requires an analysis under both POL § 17 and the Rules of Professional Conduct.

The Court has given this Office until April 27, 2018 to complete this analysis. Moreover, the Court has extended the discovery deadline to July 31, 2018. Accordingly, because the Court has already extended the discovery deadline, plaintiff will not be prejudiced by staying this action pending the representational analysis. The lack of a stay, however, would prejudice the defendants. It would be inappropriate for this Office to take any action on behalf of any defendant, including responding to the "subpoena," until this Office has concluded it is appropriate to either take on the representation of a newly served defendant or continue the representation of an original defendant. I have spoken with plaintiff's counsel and counsel opposes the request for a stay and intends to file a letter in opposition.[2]

Wherefore, it is respectfully requested that this Court grant a stay of the action, including addressing plaintiff's request for a pre-motion discovery conference, until May 31, 2018.

Respectfully submitted,

/s Rebecca Ann Durden
REBECCA ANN DURDEN
Assistant Attorney General

---

[2] Plaintiff contends that a stay is not warranted as the requests were served on February 23, 2018. As noted above, however, once the Court rendered its decision on March 20, 2018 granting the motion to amend, it became inappropriate for this Office to take further action pending the completion of the representational analysis. In fact, this point was set forth in Defendants'' Memorandum of Law in Opposition to the Motion to Amend. ECF No. 97, at p. 6,