# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

JULIA RAMSAY-NOBLES, *individually and as Administratix of the Estate of Karl Taylor, Deceased,*

Plaintiff,

-against-

WILLIAM KEYSER, *et al.*,

Defendants.



No. 16 Civ. 5778 (CM)

## ORDER SEVERING CLAIM AGAINST DR. LEE

McMahon, C.J.:

In an order dated August 21, 2019, this court (1) dismissed the federal claim asserted under 42 U.S.C. § 1983 against defendant Dr. Lee, and (2) directed Plaintiffs to show cause why the remaining claim against him (for medical malpractice) should not be severed for separate trial and dismissed without prejudice so that this purely state law claim could be brought in the New York State Supreme Court. (Docket #338)

In a letter dated September 10, 2019 (Docket #340), counsel for Plaintiff indicated that the Plaintiff did not object to the severance and dismissal of the malpractice claim against Dr. Lee without prejudice to its refiling in the New York State Supreme Court, but reserved the right to take an appeal from the dismissal of the analogous federal claim, which the court dismissed on the ground that the plaintiff failed to adduce any evidence that would satisfy her burden under the subjective (as opposed to the objective) prong of Section 1983 liability for inadequate medical care in violation of the Eighth Amendment to the United States Constitution.

After further consideration, I have concluded – especially given the amount of time and effort that this court has expended in dealing with the claims against Dr. Lee – that the better part of valor is to exercise supplemental jurisdiction over the remaining claim, but to sever it and try it separately from the claims against the other Defendants. As noted in the August 21, 2019 opinion, the claim against Dr. Lee has almost no factual nexus to the claims against the other Defendants, and the probability of prejudice arising from the evidence that will be introduced against the other Defendants is simply overwhelming. In fact, I do not believe it would be possible for Dr. Lee to get a fair trial if the malpractice claim against him were tried with the

claims against the other Defendants. Plaintiff obviously does not disagree, since she has consented to severance.

Therefore, the medical malpractice claim against Dr. Lee (Count Six) is severed for separate trial, pursuant to Fed. R. Civ. P. 42(b). This ruling preserves Plaintiff's right to take an appeal from the dismissal of her federal claim (and from this court's ruling that Dr. Lee cannot be held to have proximately caused the death of her brother); after the resolution of the malpractice claim (assuming it cannot be settled), she will be able to take an appeal from any and all of this court's orders that aggrieve her.

The case against the Defendants other than Dr. Lee will be tried first. The court's deputy clerk will contact the parties in the next few weeks with a firm trial date (which will be in early 2020) and a pre-trial schedule.

This constitutes the written opinion and order of the court.

Dated: September 12, 2019

_____
Chief Judge

BY ECF TO ALL COUNSEL