UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

---

JULIA RAMSAY-NOBLES, individually and as Administratrix of the Estate of Karl Taylor, Deceased,

                Plaintiff,

- against -

WILLIAM KEYSER, et al.,

                Defendants.

Case No. 16-cv-05778 (CM)(BCM)

---

# MEMORANDUM IN SUPPORT OF PLAINTIFF'S FIRST MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF OR REFERENCE TO KARL TAYLOR'S CRIMINAL CONVICTIONS OR PRISON DISCIPLINARY HISTORY

PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi (aamangi@pbwt.com)
Maren J. Messing (mmessing@pbwt.com)
Elena Steiger Reich (esteigerreich@pbwt.com)
Daniel M. Eisenberg (dmeisenberg@pbwt.com)
Timothy H. Gray (tgray@pbwt.com)
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000

*Attorneys for Plaintiff Julia Ramsay-Nobles, Individually and as Administratrix of the Estate of Karl Taylor*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. ii

ARGUMENT .........................................................................................................................1

    A.    Federal Rule of Evidence 404(b) Prohibits Evidence of Taylor's Convictions or Disciplinary History ..........................................................1

    B.    The Undue Prejudice From Admitting Evidence of Taylor's Disciplinary History or Convictions Would Substantially Outweigh Any Probative Value .................................................................................................................3

CONCLUSION ......................................................................................................................4

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Eng v. Scully*,
   146 F.R.D. 74 (S.D.N.Y. 1993) ......................................................................................2

*Hynes v. Coughlin*,
   79 F.3d 285 (2d Cir. 1996) ..............................................................................................2

*Lewis v. Velez*,
   149 F.R.D. 474 (S.D.N.Y. 1993) ....................................................................................2

*Lombardo v. Stone*,
   No. 99 Civ. 4603(SAS), 2002 U.S. Dist. LEXIS 1267
   (S.D.N.Y. Jan. 28, 2002) .................................................................................................3

*United States v. McCallum*,
   584 F.3d 471 (2d Cir. 2009) ............................................................................................3

*United States v. Schatzle*,
   901 F.2d 252 (2d Cir. 1990) ............................................................................................4

This action under 42 U.S.C. § 1983 concerns the conduct of corrections offers who beat and choked Karl Taylor, a 53-year old inmate at the Sullivan Correctional Facility, leading to Mr. Taylor's death at Sullivan on April 13, 2015 following an altercation with corrections officers.

In the Joint Pretrial Order, the Corrections Officers Defendants have indicated that they intend to rely on Mr. Taylor's "Inmate Disciplinary History," which is a 12-page document dated October 7, 2016 that lists alleged rule infractions by Mr. Taylor during his more than 20 years of incarceration.  *See* supporting Declaration of Adeel A. Mangi Exhibit 1.  This is one of only two exhibits that the CO Defendants listed as exhibits for use at trial.  *Id.*

Plaintiff moves *in limine* to exclude evidence of or reference to Karl Taylor's prison disciplinary history or criminal convictions.  Evidence of or reference to those subjects is inadmissible to prove Mr. Taylor's character or alleged propensity for violence, and is not relevant for any other admissible purpose.  Even if this evidence were relevant for an admissible purpose, its introduction would cause undue prejudice that would substantially outweigh any probative value in this case.

## ARGUMENT

### A. Federal Rule of Evidence 404(b) Prohibits Evidence of Mr. Taylor's Disciplinary History or Convictions

Federal Rule of Evidence 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1).  Despite the clear language of Rule 404(b), the Corrections Officer Defendants have indicated in the Joint Pretrial Order that they intend to use Mr. Taylor's "Inmate Disciplinary History."  The infractions listed in that document occurred between April 27, 1995 and March 20, 2015 at seven different

correctional facilities. Only one infraction—Mr. Taylor's alleged possession of "homemade alcohol"—occurred at the Sullivan Correctional Facility.

Under Rule 404(b), there is no permissible use of this or any other evidence of Mr. Taylor's alleged prior bad acts, including his criminal convictions. The only reason for introducing such evidence would be to tarnish Mr. Taylor's character and portray him as prone to disobedience or violence, presumably to support Defendants' contention that Mr. Taylor initiated the altercation with corrections officers that led to his death on April 13, 2015. That is impermissible under Rule 404(b).

The Second Circuit rejected the use of similar evidence in *Hynes v. Coughlin*, 79 F.3d 285, 292 (2d Cir. 1996), a § 1983 suit brought by an inmate after he received numerous injuries during a physical altercation with Corrections Officers. The defendants in *Hynes* introduced, over the plaintiff's objection, several of the plaintiff's inmate disciplinary records relating to his past physical and verbal altercations with other Corrections Officers. On appeal, the Second Circuit held that it was error to admit the disciplinary record to support an inference that the plaintiff had a penchant for violent behavior, noting that "the key disputed issue at trial was who initiated the physical altercations," and rejecting the argument that the evidence was relevant.

*Hynes* is consistent with numerous cases in this district. *See*, *e.g.*, *Lewis v. Velez*, 149 F.R.D. 474, 479 (S.D.N.Y. 1993) (stating that prior act evidence in a § 1983 case "should be excluded if offered to show that the plaintiff is 'a violent person and that he, therefore, must have been the aggressor and precipitated the assault.'"); *Eng v. Scully*, 146 F.R.D. 74, 77 (S.D.N.Y. 1993) (granting motion to exclude prior act evidence because "[c]haracter evidence is not admissible to prove conduct," and the only relevant question is "whether force was applied in a good-faith effort to restore order, or whether it was applied maliciously for the purpose of

causing harm"); *Lombardo v. Stone*, No. 99 Civ. 4603 (SAS), 2002 U.S. Dist. LEXIS 1267, at *13-14 (S.D.N.Y. Jan. 28, 2002) (holding that prior act evidence is irrelevant to "[a] dispute as to whether or not a party performed a particular physical act").

Evidence of or reference to Mr. Taylor's criminal convictions—for Rape in the First Degree, Sexual Abuse in the First Degree, and Aggravated Harassment of a Prison Employee—is similarly inadmissible under Rule 404(b). *See United States v. McCallum*, 584 F.3d 471, 474-75 (2d Cir. 2009) (noting the well-established rule that prior convictions are not admissible to show "character or propensity").

Although evidence of prior bad acts may be admissible in some cases to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," Fed. R. Evid. 404(b)(2), Mr. Taylor's disciplinary history and prior convictions are not relevant to any of these issues.

      **B.**    **The Undue Prejudice from Admitting Evidence of Taylor's Disciplinary History or Convictions Would Substantially Outweigh Any Probative Value**

Even if Mr. Taylor's prior acts were admissible under Rule 404(b)(2), they should be excluded under Rule 403 because any probative value this evidence might have is substantially outweighed by the unfair prejudice that would result from its introduction. *See* Fed. R. Evid. 403. Evidence of or reference to Mr. Taylor's past crimes or disciplinary history would unfairly smear him in ways that have no relevance to this case, and would unfairly prejudice the plaintiff. *See* Committee Note to Fed. R. Evid. 404(b) ("Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion," and "subtly permits the trier of fact to reward the good man and punish the bad man . . . despite what the evidence in the case shows actually

happened.") (quoting California Law Revision Commission, Tentative Recommendation and a Study Relating to the Uniform Rules of Evidence).

Moreover, introducing 20 years of disciplinary infractions—the vast majority of which involve minor violations of prison administrative rules—would distract the jury from the central issues and invite a "mini-trial" about tangential and prejudicial issues with little or no probative value.  *See United States v. Schatzle*, 901 F.2d 252, 256 (2d Cir. 1990) (affirming district court's decision, in a criminal prosecution for use of excessive force during an arrest, to exclude evidence of the victim's prior arrest because it would delay and distract the proceedings with a "mini-trial" regarding the earlier incident).

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's first motion *in limine*, to exclude evidence of or reference to Mr. Taylor's criminal convictions or prison disciplinary history.

Dated: December 23, 2019

Respectfully submitted,

PATTERSON BELKNAP WEBB & TYLER LLP

*/s/ Adeel A. Mangi*
Adeel A. Mangi (aamangi@pbwt.com)
Maren J. Messing (mmessing@pbwt.com)
Elena Steiger Reich (esteigerreich@pbwt.com)
Daniel M. Eisenberg (dmeisenberg@pbwt.com)
Timothy H. Gray (tgray@pbwt.com)
1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2000

*Attorneys for Plaintiff Julia Ramsay-Nobles, Individually and as Administratrix of the Estate of Karl Taylor*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 23, 2019 the foregoing was served on all counsel of record by operation of this Court's Electronic Filing System.

By: */s/ Adeel A. Mangi*

11227835