UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

---

JULIA RAMSAY-NOBLES, individually and as
Administratrix of the Estate of Karl Taylor,
Deceased,

                    Plaintiff

    - against -

WILLIAM KEYSER et al.,

                    Defendants

Case No. 16-cv-05778 (CM)(BCM)

---

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S THIRD MOTION *IN LIMINE*
TO EXCLUDE POST-INCIDENT EVIDENCE OF OR REFERENCE TO
CORRECTIONS OFFICERS' INJURIES**

PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi (aamangi@pbwt.com)
Maren J. Messing (mmessing@pbwt.com)
Elena Steiger Reich (esteigerreich@pbwt.com)
Daniel M. Eisenberg (dmeisenberg@pbwt.com)
Timothy H. Gray (tgray@pbwt.com)
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000

*Attorneys for Plaintiff Julia Ramsay-Nobles,
Individually and as Administratrix of the Estate of
Karl Taylor*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

ARGUMENT ................................................................................................................................... 1

CONCLUSION ................................................................................................................................. 3

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Bermudez v. City of New York*,
     No. 15-CV-3240 (KAM)(RLM), 2019 U.S. Dist. LEXIS 3442 (E.D.N.Y. Jan.
     8, 2019) ......................................................................................................................................2

Plaintiff anticipates that three of the Corrections Officer Defendants (Officers Tucker, Witte and Topel) may seek to elicit sympathy or prejudice the jury by introducing evidence regarding injuries that they sustained during the altercation with Mr. Taylor.  In particular, these Corrections Officer Defendants may seek to introduce evidence of or make reference to the long-term consequences of those injuries in terms of their health, need for post-incident medical treatment, or ability to work after the incident.

Plaintiff moves *in limine*, pursuant to Federal Rules of Evidence 402 and 403, to exclude evidence of or reference to injuries that these Corrections Officers Defendants suffered during the April 13, 2015 altercation.  The only possible relevance of such evidence would concern the immediate effect those injuries may have had on the Defendant's physical or mental capacities or conduct during the altercation itself, before Mr. Taylor was brought to the prison infirmary.  Any other evidence of or reference to the nature of Defendants' injuries, or their treatment and later consequences, is irrelevant to any issue in this case, and would be unduly prejudicial and confusing.

## ARGUMENT

Plaintiff does not dispute that these Defendants' injuries on April 13, 2015 may be relevant insofar as they affected a Defendant's physical capacities or conduct during the altercation resulting in Karl Taylor's death.  Plaintiff does not seek to exclude such evidence. But any submissions on these topics beyond that narrow scope can have no legitimate purpose and would serve only to elicit juror sympathy for Defendants and hostility toward Mr. Taylor. As the Court recognized in striking these Defendants' counterclaims for assault and battery, Defendants' injuries are not at issue in this case.  *See* Dkt. 237 at 10 ("The E. North Defendants' new counterclaims . . . add a whole new issue for litigation.").  Any evidence of or reference to

Defendants' injuries that post-dates the incident—such as physical limitations, the inability to work, physical pain, or the need for and nature of any treatment or rehabilitation—is plainly irrelevant to the claims that remain.  Such material has no possible bearing on whether the Corrections Officers Defendants violated Mr. Taylor's constitutional rights in the incident that led to his death.  Accordingly, any such evidence or references should be excluded as irrelevant under Rule 402.

In addition, any probative value this material might have is substantially outweighed by unfair prejudice, and by the risk of confusing the issues for the jury.  *See* Fed. R. Evid. 403.  For the reasons stated above, the relevance of this evidence to the issues in this case is non-existent or *de minimis* at most.  This case is about the injuries inflicted on Mr. Taylor on April 13, 2015, not the injuries any Corrections Officer Defendant suffered.  Evidence of the Corrections Officer Defendants' injuries would prejudice Mr. Taylor by eliciting sympathy for Defendants and stoking animus toward Mr. Taylor, and it would distract from the medical evidence of central relevance to the case.  *Bermudez v. City of New York*, No. 15-CV-3240 (KAM)(RLM), 2019 U.S. Dist. LEXIS 3442, at *25 (E.D.N.Y. Jan. 8, 2019) ("[U]nder Rule 403, the probative value of evidence of injuries to [the Officer] is substantially outweighed by the risk of confusing issues or misleading the jury and wasting time . . . this case is about the injuries plaintiff sustained, not [the Officer].").

**CONCLUSION**

For the foregoing reasons, the Court should grant Plaintiff's third motion *in limine*, to

exclude post-incident evidence of or reference to injuries to Corrections Officers Defendants.

Dated:  December 23, 2019

Respectfully submitted,

PATTERSON BELKNAP WEBB & TYLER LLP

*/s/ Adeel A. Mangi*
Adeel A. Mangi (aamangi@pbwt.com)
Maren J. Messing (mmessing@pbwt.com)
Elena Steiger Reich (esteigerreich@pbwt.com)
Daniel M. Eisenberg (dmeisenberg@pbwt.com)
Timothy H. Gray (tgray@pbwt.com)
1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2000

*Attorneys for Plaintiff Julia Ramsay-Nobles,*
*Individually and as Administratrix of the Estate of*
*Karl Taylor*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 23rd day of December 2019 the foregoing was served on all counsel of record by operation of this Court's Electronic Filing System.

By: */s/ Adeel A. Mangi*

11313524