UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIA RAMSAY-NOBLES, individually and as Administratrix of the Estate of Karl Taylor, Deceased,<br><br>                Plaintiff<br><br>- against -<br><br>WILLIAM KEYSER et al.,<br><br>                Defendants | Case No. 16-cv-05778 (CM)(BCM) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S FIFTH MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE OF AND REFERENCE TO FACTUAL FINDINGS AND
CONCLUSIONS OF INVESTIGATIVE REPORTS**

PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi (aamangi@pbwt.com)
Maren J. Messing (mmessing@pbwt.com)
Elena Steiger Reich (esteigerreich@pbwt.com)
Daniel M. Eisenberg (dmeisenberg@pbwt.com)
Timothy H. Gray (tgray@pbwt.com)
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000

*Attorneys for Plaintiff Julia Ramsay-Nobles,
Individually and as Administratrix of the Estate of
Karl Taylor*

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

ARGUMENT .........................................................................................................................1

I.   THE REPORTS' FINDINGS AND CONCLUSIONS ARE INADMISSIBLE
     UNDER RULES 402 AND 403 ...................................................................................1

II.  THE FINDINGS AND CONCLUSIONS ARE INADMISSIBLE HEARSAY .................3

CONCLUSION......................................................................................................................4

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Chalco v. Belair*,
  No. 3:15-CV-340 (VLB), 2019 U.S. Dist. LEXIS 18148 (D. Conn. Feb. 5, 2019) ..................................................................................................................................3

*Davis v. Lakeside Motor Co.*,
  No. 3:10-CV-405 JD, 2014 U.S. Dist. LEXIS 162478 (N.D. Ind. Nov. 20, 2014) ...............................................................................................................................2, 3

*Dollman v. Mast Indus.*,
  2011 U.S. Dist. LEXIS 99802 (S.D.N.Y. Sep. 6, 2011) ............................................................2

*Eng v. Scully*,
  146 F.R.D. 74 (S.D.N.Y. 1993) .................................................................................................4

*Miller v. Field*,
  35 F.3d 1088 (6th Cir. 1994) .....................................................................................................4

*Richardson v. Mendez*,
  No. 2:10-cv-00025-GEB-EFB, 2013 U.S. Dist. LEXIS 117330 (E.D. Cal. Aug. 19, 2013) ...........................................................................................................................2

*United States v. Murgio*,
  No. 15-cr-769 (AJN), 2017 U.S. Dist. LEXIS 10359 (S.D.N.Y. Jan. 12, 2017) ....................1, 2

At trial, the Corrections Officer Defendants may seek to introduce the factual findings and conclusions of investigative reports generated by the New York State Police, the New York State Department of Corrections and Community Services Office of Special Investigations, and the New York State Commission of Correction, which found no wrongdoing by the Corrections Officers Defendants in the incident that led to Mr. Taylor's death (the "Reports").  Plaintiff moves *in limine*, pursuant to Federal Rules of Evidence 403 and 801(c), to exclude any evidence of or reference to the factual findings and conclusions in the Reports.  Introduction of these materials and information would be unduly prejudicial.  Moreover, they are inherently untrustworthy and inadmissible insofar as they incorporate and rely upon hearsay statements of non-parties.

## ARGUMENT

I. **THE REPORTS' FINDINGS AND CONCLUSIONS ARE INADMISSIBLE UNDER RULES 402 AND 403**

The probative value of the Reports' findings and conclusions is minimal at best.  As discussed in Section II below, the Reports ignore or fail to account for critical inculpatory evidence that will be presented to the jury.  But the prejudicial effect of introducing a governmental agency's untrustworthy findings and conclusions on the issues the jury is charged with deciding would be substantial.  Courts routinely exclude findings and conclusions on this basis.

In *United States v. Murgio*, for example, the court excluded under Rule 403 the findings and conclusions of the National Credit Union Administration's investigations into the financial misconduct for which the defendant was on trial. No. 15-cr-769 (AJN), 2017 U.S. Dist. LEXIS 10359 (S.D.N.Y. Jan. 12, 2017).  Those conclusions were not probative, the Court held, because "the jury will have before it evidence from which it may reach (or not reach) the same

conclusions as the [agency]"; on the other hand, they were severely prejudicial because "[t]he only effect of introducing such conclusions for their truth would be to place the [agency's] imprimatur on the . . . preferred interpretation of the evidence," which "would be highly prejudicial and pose a genuine threat of usurping the jury's role." *Id.* at *49.

Similarly, in *Dollman v. Mast Indus.*, the court excluded the report of the New York State Department of Human Rights ("NYSDHR") on the plaintiff's employment discrimination claims because the plaintiff would have a "full opportunity to present to the jury all the evidence she submitted to the NYSDHR." 2011 U.S. Dist. LEXIS 99802, at *3 (S.D.N.Y. Sep. 6, 2011). For that reason, "the NYSDHR Determination itself [was] of little probative value, aside from improperly suggesting to the jury that it should reach the same conclusion as the agency." *Id.* (internal quotation marks and citation omitted). And in *Richardson v. Mendez*, the Court excluded the findings of an administrative hearing under Rule 403, holding that "since the finding contains credibility determinations, it tends to undermine the exclusive province of the jury." No. 2:10-cv-00025-GEB-EFB, 2013 U.S. Dist. LEXIS 117330, at *5 (E.D. Cal. Aug. 19, 2013).

The findings and conclusions are also inadmissible under Rule 403 because they would confuse the jury and waste time. "The time that this detour into the [agency] investigation would waste" by making the Reports themselves an issue "substantially outweighs the probative value of th[e] evidence," compounded by "the danger that the jury could be misled or confused as to the nature and impact of the [agency's] findings." *Davis v. Lakeside Motor Co.*, No. 3:10-CV-405 JD, 2014 U.S. Dist. LEXIS 162478, at *31 (N.D. Ind. Nov. 20, 2014). Indeed, those dangers would be only more acute here as this is a civil litigation where the standards of proof differ from

2

those in criminal investigations. As in *Davis*, "there is simply no question that this evidence should be excluded." *Id.*

In sum, "any factual findings and legal conclusions made by the [internal and criminal] investigations are inadmissible and the parties should not refer to them" because they "impermissibly tell[] the jury what result to reach." *Chalco v. Belair*, No. 3:15-CV-340 (VLB), 2019 U.S. Dist. LEXIS 18148, at *11 (D. Conn. Feb. 5, 2019). The jury should decide this case on the evidence presented at trial, without being swayed by flawed and incomplete Reports from other investigations.

## II. THE FINDINGS AND CONCLUSIONS ARE INADMISSIBLE HEARSAY

Federal Rule of Civil Procedure 803(8) provides that the factual findings of legally authorized investigative reports are inadmissible if the "source of information or other circumstances indicate a lack of trustworthiness." Fed. R. Civ. P. 803(8)(B). Here, the Reports' findings and conclusions are inherently untrustworthy because they were based on a materially incomplete record. For example, the Reports do not even mention the fact that two inmates were ordered to clean up blood in the hallway through which Mr. Taylor was escorted, and ultimately carried, face-down, before arriving at the prison infirmary. As Plaintiff will show at trial, it took two inmates significant time to clean up the blood in the hallway, but the Reports failed to consider, mention, or account for that fact.

Similarly, the Reports fail to provide any plausible explanation for Mr. Taylor's injuries, including extensive evidence that will be presented at trial showing that he was choked. And the Reports failed to take into account telephone records produced in discovery in this litigation, which show that the Corrections Officer Defendants were in close communication shortly after Mr. Taylor's death, giving them an opportunity to coordinate an exculpatory version of the relevant events.

The Reports' findings and conclusions are also inadmissible insofar as they incorporate or rely upon non-party hearsay. *See, e.g.*, *Miller v. Field*, 35 F.3d 1088, 1091 (6th Cir. 1994) ("[F]actual findings [of investigative reports], which are based on inadmissible hearsay, are not admissible under Rule 803(8)(C) because the underlying information is untrustworthy.") (internal quotation marks omitted); *Eng v. Scully*, 146 F.R.D. 74, 80 (S.D.N.Y. 1993) (holding that "[t]he reports of the Inspector General are not admissible as they contain untrustworthy double hearsay," and "[o]nly that to which the investigators themselves could testify in open court is admissible").

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's fifth motion *in limine* to exclude evidence of or reference to the Reports' findings and conclusions, as well as documentary evidence of the findings and conclusions themselves.

Dated:  December 23, 2019

Respectfully submitted,

PATTERSON BELKNAP WEBB & TYLER LLP

*/s/ Adeel A. Mangi*
Adeel A. Mangi (aamangi@pbwt.com)
Maren J. Messing (mmessing@pbwt.com)
Elena Steiger Reich (esteigerreich@pbwt.com)
Daniel M. Eisenberg (dmeisenberg@pbwt.com)
Timothy H. Gray (tgray@pbwt.com)
1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2000

*Attorneys for Plaintiff Julia Ramsay-Nobles,
Individually and as Administratrix of the Estate of
Karl Taylor*

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on the 23rd day of December the foregoing was served on all counsel of record by operation of this Court's Electronic Filing System.

                By: <u>*/s/ Adeel A. Mangi*</u>

11563225