UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JULIA RAMSAY-NOBLES,

        Plaintiff,

-against-                                                             16 Civ. 5778 (CM)

WILLIAM KEYSER et al.,

        Defendants.

------------------------------------------------------------x

## DECISION ON PLAINTIFF'S MOTIONS IN LIMINE

McMahon, C.J.:

      1.    Dr. Alexander Bardey will not be permitted to testify for the defense, for the reasons set out in the Plaintiff's Bench Memorandum (which is not a bench memorandum – those are prepared by my law clerks – but rather, a brief in support of a motion to preclude his testimony, which is an outstanding in limine issue). Dr. Bardey has absolutely no basis to testify about what Plaintiff's decedent – whom he has never met – would have perceived on the morning he died. Treating physician testimony and information from his prison medical records, not the suppositions of a purported expert who has never seen Karl Taylor, will be sufficient to establish that he suffered from mental illness; defendants are free to ask the jury to devalue the life of a person with mental disabilities, and we will see how kindly the jury takes to that argument.

      2.    I will rule on the objections to the deposition testimony of Officer Hunt at some point before he takes the stand, but I can tell you right now that most of these objections appear to be meritless. However, dues to Judge Batts' death and the preparations for her funeral, I cannot immerse myself in Officer Hunt's testimony today or Monday.

      3.    Dr. Christensen will not be permitted to testify about his views on which witnesses are telling the truth, or whose testimony should be believed when there is a dispute. Any effort to introduce such testimony will be met with most vigorous intervention by the court. I will be listening with extra care to Dr. Christensen.

Dated: February 7, 2020

_____
Chief Judge

EY ECF TO ALL COUNSEL