UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

————————————————————————x

JULIA RAMSAY-NOBLES,

                Plaintiff,

-against-                                  16 Civ. 5778 (CM)

WILLIAM KEYSER, et al.,

                Defendants.

————————————————————————x

## ORDER DISALLOWING WRIT OF PRODUCTION

McMahon, C.J.:

      When the trial of this action resumed yesterday morning, counsel for the Corrections Officer Defendants asked whether the court had acted on its request for a writ of habeas corpus ad testificandum to secure the presence of one Kurtis Williams, 09002681, presently detained at the Onondaga County Correctional Facility in the custody of the Onondaga County Sheriff. This brief memorandum order explains the reasons why no such writ issued or will issue.

      The application referred to was for a writ to produce the inmate on February 17, 2020 (i.e., the day before yesterday), so that he could testify on February 18, 2020 (yesterday). According to the docket, this application was filed on Friday, February 14, 2020 – the beginning of a federal holiday weekend – and the docket clerk advises that it was filed with the court far too late to make it realistic that Williams could be delivered to give testimony yesterday. But as no advance notice of the application was given to the court – no call was made to chambers to indicate that an emergency application was being filed – I was unaware of the application until I arrived in the courtroom.[1]

      This last-second application to writ in Inmate Williams was an attempt to undo this court's ruling of last Thursday, February 13, 2020, at which time I gave Plaintiff's counsel permission to read the deposition testimony of Inmate Williams. Williams was incarcerated on Cell Block E-North at Sullivan County Correctional Facility ("SCCF") on April 13, 2015, the date on which the plaintiff's decedent, Karl Taylor, died at SCCF. He was deposed and gave

---

[1] From the docket sheet it appears that Plaintiff's counsel was aware of it because Patterson Belknap filed a memorandum of law in opposition thereto.

testimony relevant to the matter in suit. After he was deposed, Williams was released from custody.

Plaintiff wished to call Williams to testify at the trial and made diligent efforts to procure his presence. Counsel learned that Williams was in custody in Onondaga County, and applied to this court for a writ to have him produced for trial. This court issued a writ on January 15, 2020. Plaintiff's counsel then moved to cancel the writ on February 6, 2020, because, after serving the writ, counsel was advised that Williams had been released from custody in Syracuse. None of the Defendants objected to the vacatur of the writ. As far as anyone knew, the now-released inmate was beyond the subpoena power of the court (he certainly was if he was in Syracuse). The plan was to have portions of Williams' deposition testimony read into the record.

On Thursday, February 13, Plaintiff's counsel responded to the court's question about what would take place on Tuesday, February 18, the next scheduled trial day. During that colloquy, counsel advised that he intended to present the testimony of Williams, who had apparently been rearrested and was once again incarcerated in Onondaga County. However, in the circumstances Plaintiff's counsel indicated that he did not intend to reapply for a writ to produce Williams, but would proceed to read his deposition testimony – which had been the plan since February 6. Plaintiff's counsel also advised the court that he had been advised (by Williams' parole officer) that Williams had recently attempted suicide and was not mentally stable.

The court signed off on the use of the deposition testimony, over the objection of counsel for the Corrections Officers, who thought that Williams should be writted in to give live testimony as long as he was back in custody. I disagreed. We were well into the trial; indeed, Plaintiff planned to (and did) rest at the end of the day on February 18. Given the upcoming holiday weekend, I knew there was little if any likelihood of getting him to New York City in any event. There was certainly not time to make adequate inquiries about Inmate Williams' mental state, or his recent suicide attempt. In short, I was not prepared to upset matters mid-trial; the fact that Williams was once again incarcerated and so could be writted in did not convince me that he should be writted in. I orally overruled the Officer Defendants' objection. As far as I was concerned, that was the end of the matter.

Williams' deposition testimony was read into the record yesterday morning – both the Plaintiff's designations and the Supervisor Defendants' cross-designations.

The decision whether to issue a writ to bring in a prisoner to testify for trial is committed to the sound discretion of the court. In an exercise of my discretion I allowed the deposition testimony to be read. As far as the court is concerned, the application to writ Williams in is now moot.

I note for the record that Williams does not appear on the witness list of the Corrections Officers; he was scheduled to testify only on the Plaintiff's case. The court had ruled that he could testify by deposition. Since counsel for the Corrections Officer Defendants did not see fit to alert chambers by phone or fax to their last-second application for a writ – in effect, for reconsideration of a ruling already made by the court – the court had no ability to deal with the

application last Friday afternoon, when it was made.[2] By the time I was aware of the application it was too late to writ the witness, as Plaintiff was scheduled to rest, and did rest that very day.

The Officer Defendants suffer no prejudice as a result. Defendants never indicated an interest in calling Williams on their case (and indeed, their opportunity to list him as a witness on their case expired long ago). The jury has now heard Williams' testimony – together with the Supervisor Defendants' cross-designations, which were read to the jury along with the deposition testimony that was offered by Plaintiff. The Officer Defendants had plenty of opportunity to cross examine Williams during his examination, and to offer cross-designations as well. Writting Williams in now so that he can say again what the jury has already heard would be purely duplicative. There is simply no reason to do it – it certainly would not "substantially further the resolution of the case," which is one of the factors to be considered when deciding whether to grant or deny a writ to bring in a prisoner from a distant facility. 28 U.S.C. § 2241; *In re Bernard L. Madoff Inv. Sec. LLC*, 2014 U.S. Dist. LEXIS 48401, at *17 (S.D.N.Y. Mar. 31, 2014). And the disruption to a trial that writing in Williams would have caused would have been ill advised. The trial is running long; it will inevitably go into a third week.

Plaintiff's counsel made a good faith effort to get Williams into the district at a time when it was feasible to do so. I do not fault Plaintiff for not seeking a new writ given the last minute, mid-trial nature of the information that Williams was back in custody.

The application for a writ is disallowed. The Clerk should remove Docket #402 from the court's list of open motions if it in fact appears thereon.

Dated: February 19, 2020

　　　　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　　　　　————————————————
　　　　　　　　　　　　　　　　　　　　　　　Chief Judge

BY ECF TO ALL COUNSEL

BY HAND TO ALL COUNSEL

---

[2] In case lawyers are unaware, different chambers deal with ECF filings in different ways. In my chambers, for example, the preceding day's filings are not reviewed until the following morning – on the assumption that a lawyer who needs immediate relief will make that known by alerting chambers to the emergency nature of the request. If a lawyer has an application that requires immediate attention, s/he should never assume that simply filing the request on ECF will garner the judge's immediate attention. That is doubly true on a Friday afternoon before a holiday weekend.